IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FREDA SHELTON

    Plaintiff,

v.                                                                   Case No. 20-cv-00311

PISCATAWAY LANDING HOMEOWNERS
ASSOCIATION, INC.

Serve:  RACHEL M. HESS
         400 Redland Court, Ste 212
         Owings Mills, MD 21117

    Defendant,

PICKETT LAW, LLC

Serve:  STACY S. PICKETT
         264 Merrimac Court
         Prince Frederick, MD 20678

    Defendant,

BLACKSTONE MANAGEMENT, LLC

Serve:  FORREST BAGGARLY
         2A Industrial Park Drive
         Waldorf, Maryland 20602

    Defendant,

MID-ATLANTIC WATER & SEWER AUTHORITY, INC.

Serve:  LISA C. HEIMLICHER, ESQ.
         C/O WINEGRAD HESS FRIEDMAN & LEVITT, LLC
         400 Redland Court
         Owings Mills, MD 21117

    Defendant.

## **COMPLAINT AND JURY DEMAND**

The Plaintiff, Freda Shelton, files suit against defendants Piscataway Landing Homeowner's Association, Inc. ("PLHOA"), Pickett Law, LLC ("Pickett"), Blackstone Management, LLC ("Blackstone") and Mid-Atlantic Water & Sewer Authority, Inc. ("MWSA"), and alleges as follows:

1

**PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1692 et seq. (Fair Debt Collection Practices Act or "FDCPA"), Maryland Consumer Debt Collection Act, Md. Code Ann., Com Law § 14-201 *et seq*. ("MCDCA") and Maryland Consumer Protection Act, Md. Code Ann., Com Law § 13-101 *et seq*. ("MCPA").

**PARTIES**

2. Plaintiff is a natural person who resides in the state of Maryland.

3. Defendant PLHOA is a Maryland corporation that was incorporated in February 2005 for the purpose of organizing and operating a real estate management association exclusively to provide for the acquisition, construction, management, maintenance, care and preservation of the open spaces, common area and facilities within the parcel of land located in the Brandywine (11th) Election District of Prince George's County, Maryland, aka PISCATAWAY HEIGHTS.

4. Defendant Pickett is debt collection law firm that specializes in collecting past due debts owed to homeowners' associations.

5. Defendant Blackstone is a property management firm that manages Owner Associations in Maryland, Virginia and Washington, D.C. As part of its services that it provides to Owner Associations, MWSA provides the "aggressive collection of delinquent assessments."

6. Defendant MWSA is a water treatment facility that provides it water and sewer services to residential communities, including communities in Brandywine Maryland.

**FACTUAL ALLEGATIONS**

7. Ms. Shelton's has a personal residence is in Brandywine, Maryland. Her property is located in the subdivision PISCATAWAY HEIGHTS, which is within the jurisdiction of PHLOA and servicing area of MWSA.

8. Defendant Pickett collects debts for PHLOA and MWSA and attempted to collect debts for PHLOA and MWSA from Ms. Shelton.

9. Within a year of filing this action, Defendant Pickett illegally attempted to collect a previously paid MWSA debt from Ms. Shelton.

10. Within a year of filing this action, Defendant Pickett illegally attempted to collect a PHLOA debt that was previously settled and paid.

11. In addition to attempting to collect paid and/or settled debts, Defendant Pickett attempted to include and tack on amounts that were unauthorized or unjustified by the law and/or the terms of Shelton's agreement with PHLOA and MWSA.

12. In May of 2019, Defendants interrupted Ms. Shelton's attempt to sell her Property when Defendants contacted the title company conducting the sale of the Property and instructed the title company to collect debts that were either already paid, unauthorized and/or unjustified, not presently owed or not due.

13. In July 2019, Ms. Shelton was hauled into court and forced to defend against a meritless action by Defendants Pickett and PHLOA. Defendants did not even serve Ms. Shelton and hoped to obtain a default judgment without having to prove their claims. When Ms. Shelton learned of the action and filed a defense, the Defendants dismissed the meritless action.

14. In January 2020, on behalf of PHLOA, Blackstone sent Ms. Shelton a statement of account that sought to collect homeowner associate fee assessments for 2020 assessment *and* sought to collect the previously paid and settled debt.

## COUNT ONE: FDCPA

15. Plaintiff incorporates the preceding allegations by reference.

16. Defendant Picket violated §§ 1692e(2), 1692e(10) and 1692f by misrepresenting the amount, character and legal status of the debt when Pickett attempted to collect debts that had already

been paid and attempted to collect debts or debt amounts that were unauthorized and/or unjustified.

17. Defendant Blackstone violated §§ 1692e(2), 1692e(10) and 1692f by misrepresenting attempting to collect a debt that had already been paid.

18. Defendant Picket violated §§ 1692e(2), 1692e(5), 1692e(10) and 1692f by refusing to release the lien of the paid PHLOA debt and using the judicial system to make false representations about the PHLOA debt and demanded payment from Plaintiff when it had no right to collect the PHLOA debt.

19. As a result of the foregoing defendants' conduct, Plaintiff suffered actual damages consisting of both pecuniary expenses, humiliation and other emotional distress.

20. Defendant Pickett's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages to Plaintiff in an amount to be determined by the court pursuant to 15 U.S.C. §1692k(a)(1), liable for statutory damages to Plaintiff in an amount of $100 - $1,000 pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT TWO: VIOLATIONS OF MCDCA

21. Plaintiff incorporates the preceding allegations by reference.

22. Defendants knew Plaintiff had satisfied the debts because they not only received the payments, but Plaintiffs and Defendants shared communications about the payment.

23. Upon information and belief, Defendants intentionally claimed and/or attempted to collect debts or debt amounts that were unauthorized or unjustified because they believed Plaintiff would not notice the amounts were illegal or that they could use extenuating circumstances (e.g. court action, need to sell property, etc.) to pressure Plaintiff into paying.

24. Defendants violated MCDCA, Com Law §§ 14-202(8) and 14-202(11) by claiming a right and/or attempting to collect debts that were paid.

25. Defendants violated MCDCA, Com Law §14-202(8) by claiming a right and/or attempting to collect debts that were unauthorized or unjustified.

26. Defendants Pickett and PHLOA violated MCDCA, Com Law §14-202(8) by refusing to release the PHLOA lien on a satisfied debt.

27. Defendant Picket violated MCDCA, Com Law §14-202(11) by misrepresenting the amount, character and legal status of the debt when Pickett attempted to collect debts that had already been paid and attempted to collect debts or debt amounts that were unauthorized and/or unjustified.

28. Defendant Blackstone violated MCDCA, Com Law §14-202(11) by attempting to collect a debt that had already been paid.

29. Defendant Picket violated MCDCA, Com Law § 14-202(11) by refusing to release the lien of the paid PHLOA debt and using the judicial system to make false representations about the PHLOA debt and demanded payment from Plaintiff when it had no right to collect that debt.

30. As a result of the foregoing defendants' conduct, Plaintiff suffered actual damages consisting of both pecuniary expenses, humiliation and other emotional distress.

31. Defendants' foregoing violations render Defendants liable for actual damages in an amount to be determined by the Court pursuant to MCDCA, Com. Law § 14-203.

## COUNT THREE: VIOLATIONS OF MCPA

32. Plaintiff incorporates the preceding allegations by reference.

33. PHLOA is a "merchant" as defined at MCPA § 13-101(g) and is subject to all of the provisions prohibiting unfair and deceptive trade practices including those in §§13-303 and 13-401.

34. PHLOA has not performed its duties under the HOA Bylaws.

35. PHLOA did not disclose to Plaintiff that it had no intentions of performing its duties under HOA Bylaws.

36. If PHLOA had truthfully represented how it intended to manage PISCATAWAY HEIGHTS, then Plaintiff would not have purchased her Property.

37. PHLOA violated §§ 13-301(1), 13-301(3), 13-301(4) and 13-303(5) by engaging in the acts and omissions set forth above, by making the misrepresentations set forth above, and by failing to disclose material facts where the failure to do so deceived or tended to deceive, the Defendant has committed unlawful or deceptive trade practices in violation of the MCPA.

38. Defendants PHLOA and MWSA violated the Md. Code Ann., Com Law §13-301(13)(iii) when the Defendant violated the MCDCA at §§ 14-202(8) and 14-202(11).

39. Defendants' conduct had the capacity, tendency or effect of deceiving Plaintiff, who in fact was deceived or misled, causing injury and loss through: actual damages, including pecuniary damages, emotional and mental distress and costs and attorney fees.

40. Defendants' conduct was the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages in amount to be determined pursuant to the MCPA at §13-408(a), and for attorney's fees pursuant to MCPA, §13-408(b).

WHEREFORE, your Plaintiff demands judgment for actual and statutory damages against Defendants, jointly and severally; for her attorney's fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

**TRIAL BY JURY DEMANDED**

Respectfully submitted,

FREDA SHELTON

/s/ *Jeffery W. Styles*
Jeffery W. Styles, Esq., No. 20659
Washington Legal Group, LLC
1666 K Street, Northwest, Suite 440
Washington, District of Columbia 20006
Tel: (202) 503-1708
Email: jstyles@washlegal.com

*Attorney for Plaintiff*